(84 South. 656)

No. 23621.

**HOBGOOD et al. v. POLICE JURY OF CATAHOULA PARISH.**

(May 3, 1920.)

*(Syllabus by the Court.)*

Counties ⬤⟲35(2)—Removal of parish seat requires vote of "two-thirds of qualified electors of parish."

The declaration of the Constitution (article 278) that a parish seat shall remain unchanged unless "two-thirds of the qualified electors of the parish" vote in favor of a law providing for its removal means, as the language imports, two-thirds of the qualified electors of the parish, and not two-thirds of the electors who may vote at the election.

Appeal from Eighth Judicial District Court, Parish of Catahoula; Stephen R. Holstein, Judge.

Election contest by A. B. Hobgood and others against the Police Jury of Catahoula Parish to set aside declared result of a general election on question of removing parish seat. Judgment for plaintiffs, and defendant appeals. Affirmed.

Dale, Young & Dale, of St. Joseph, and R. M. Taliaferro, of Harrisburg, for appellant.

Stubbs, Theus, Grisham & Thompson, of Monroe, for appellees.

### Statement of the Case.

MONROE, C. J. This is an appeal from a judgment setting aside the declared result of a special election held in Catahoula parish on the 8th day of October, 1918, under the provisions of Act 50 of 1918, to obtain the views of the electors of the parish upon the question, whether the parish seat should be removed to Jonesville or remain at Harrisonburg. Article 278 of the Constitution declares that:

"All laws changing parish lines, or removing parish seats, shall, before taking effect, be submitted to the electors of the parish or parishes to be affected thereby, at a special election held for that purpose, and the lines, or the parish seat, shall remain unchanged unless two-thirds of the qualified electors of the parish or parishes affected thereby vote in favor thereof at such election."

### Opinion.

Counsel for defendant and appellant say in their brief:

"Plaintiff alleged that two-thirds of the entire qualified voters of the parish did not vote in favor of removal; and he has proved this allegation, whether the votes he contends are illegal, are cast out, or whether they are counted."

The contention, upon appellant's faith in which the appeal has been brought up, is that the two-thirds required by the Constitution means two-thirds of those voting at the election. But, if the framers of the Constitution intended that meaning, they could readily have found words in which to express it, instead of declaring what they meant by saying "two-thirds of the qualified electors of the parish or parishes affected," etc.

It is no secret that there is usually—it may safely be said always—a difference in number between those entitled to vote and those who vote, and no language occurs to us that would make any plainer than do the words used in the Constitution the meaning and purpose that two-thirds of the qualified electors of a parish and not two-thirds of those who may vote at the election, are required to remove a parish seat.

Judgment affirmed.